# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

IN RE: AMERICAN MEDICAL SYSTEMS, INC.
       PELVIC REPAIR SYSTEMS
       PRODUCT LIABILITY LITIGATION       MDL No. 2325

-----------------------------------------------------------------

THIS DOCUMENT RELATES TO ALL CASES

**PRETRIAL ORDER # 74**
**(Defendant's Motion for Protective Order Permitting Designation of Rule 30(b)(6) Testimony)**

Defendant, American Medical Systems, Inc. ("AMS"), moves the court under Federal Rule of Civil Procedure 26(c) for a protective order (1) requiring Plaintiffs to take all fact witness depositions of AMS's employees and former employees before taking any Rule 30(b)(6) depositions; (2) allowing AMS to designate and adopt portions of the fact witnesses' testimony as its corporate position for purposes of Rule 30(b)(6) depositions; and (3) prohibiting Plaintiffs from taking Rule 30(b)(6) depositions on subjects that have been fully addressed by way of the designated testimony. (ECF No. 691). In support of its motion, AMS argues that such a protective order will prevent Plaintiffs from taking unreasonably cumulative depositions that impose undue burden and expense on AMS and its witnesses.

In response, Plaintiffs contend that AMS's motion is premature and unjustified. (ECF No. 710). According to Plaintiffs, AMS's goal in seeking such an order is not to prevent cumulative testimony, but, instead, is to obtain a court-sanctioned method by

1

which to cherry-pick from fact witness depositions the testimony most beneficial to its theory of the case and then adopt that testimony as its "corporate position." Moreover, Plaintiffs point out that very few fact witness depositions have been taken to date, and AMS is unable to identify even one Rule 30(b)(6) deposition that can be described as duplicative.[1]

Federal Rule of Civil Procedure 26(c) allows the court, for good cause, to issue an order restricting or forbidding discovery when necessary "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The burden of demonstrating good cause rests with the party seeking to avoid or limit the discovery. *Minter v. Wells Fargo Bank, N.A.,* 258 F.R.D. 118, 124 (D.Md. 2009). "In order to establish good cause, the movant must present a "particular and specific demonstration of fact," as to why a protective order is appropriate and may not rely upon "stereotyped and conclusory statements." Wright, Miller & Marcus, *Federal Practice and Procedure: Civil 2d* § 2035 (1994) (citations omitted). Thus, "the standard for issuance of a protective order is high," *Minter,* 258 F.R.D. at 125, particularly, when the movant seeks to prevent the taking of a deposition. *Medlin v. Andrew,* 113 F.R.D. 650, 653 (M.D.N.C. 1987).

Here, the court agrees with Plaintiffs that AMS has failed to show, through a particular and specific demonstration of fact, that a protective order is needed at this juncture. Moreover, even if AMS had demonstrated the merits of a protective order in the context of a specific witness or topic of inquiry under Rule 30(b)(6), AMS is hard-pressed to establish the propriety of a court order that, without regard to the

---

[1] Both sides address at length an order entered by this court in the Bard pelvic mesh litigation. However, motions for protective order must be assessed on a case-by-case basis taking into account the peculiarities of the specific litigation. While the legal standards are the same, the facts in this matter are different from those in Bard; thus, the Bard order has only limited applicability to this motion.

circumstances, entirely prevents Plaintiffs from taking the substantive depositions of corporate designees until all of AMS's fact witnesses are deposed. The undersigned cannot envision a circumstance in this litigation that would merit such extensive judicial intervention at this stage of the discovery process. Accordingly, AMS's Motion for Protective Order (ECF No. 691) is **DENIED**.

The court **DIRECTS** the Clerk to file a copy of this order in 2:12-md-2325 and it shall apply to each member related case previously transferred to, removed to, or filed in this district, which includes counsel in all member cases up to and including civil action number 2:13-cv-19913. In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court. The orders may be accessed through the CM/ECF system or the court's website at **http://www.wvsd.uscourts.gov**.

**ENTERED:** July 16, 2013.

_____
Cheryl A. Eifert
United States Magistrate Judge

3