**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

IN RE: AMERICAN MEDICAL SYSTEMS, INC.,
PELVIC REPAIR SYSTEMS
PRODUCTS LIABILITY LITIGATION

MDL No. 2325

THIS DOCUMENT RELATES TO ALL CASES

**PRETRIAL ORDER # 193**
**(QUALIFIED PROTECTIVE ORDER)**

To expand upon the Order appointing the Garretson Resolution Group, Inc. ("GRG") as the Lien Resolution Administrator ("LRA") in the above captioned action,[1] before the Court is the LRA's motion for Entry of a Qualified Protective Order. [Docket # 1496]. This Qualified Protective Order shall apply specifically to Plaintiff Law Firms in the above captioned action that retain (or have retained) the LRA to serve as their agent to perform certain functions related to claimants' health insurance reimbursement claims and/or liens (hereinafter collectively "Counsel").

In order to perform its duties and functions on behalf of Counsel, this Qualified Protective Order will vest the LRA with: (1) the authority to act as agent for Counsel for the benefit of all claimants represented by Counsel in the above captioned action for purposes of claim and/or lien identification and resolution; (2) the authority to receive and release protected health information and individually identifiable health information related to claimants represented by Counsel; and (3) the authority to resolve potential recovery claims related to claimants represented by Counsel for medical items, services, and/or prescription drugs with

---

[1] *See* Pretrial Order #123 [Dckt. 1144 in 2:12-md-2325].

Governmental Payers,[2] Medicare Part C and/or Part D Program sponsors, and/or Other Payers/Providers, including all private health plans whether insured or self-funded (collectively, "Payers") associated with the above-captioned action.

Having considered the record of these proceedings, the arguments and recommendation of counsel for the moving party and the requirements of law, the Court **GRANTS** the LRA's motion as follows:

**IT IS HEREBY ORDERED AS FOLLOWS**:

1. In addition to the duties and functions described above, the LRA is hereby authorized to provide to and receive from Payers lists of settling claimants represented by Counsel, and related information, which identifies those Payers that have or may have asserted against such claimants a lien, claim, or right of subrogation, indemnity, reimbursement, conditional or other payments, or interest of any type for injury-related medical items, services, and/or prescription drugs paid on their behalf.

2. The LRA is further authorized to identify and resolve potential recovery claims related to claimants represented by Counsel for medical items, services, and/or prescription drugs with all entities defined as Payers herein by means necessary, as determined by the LRA including, but not limited to, en masse data submissions with Payers designed to identify healthcare coverage and related claims itemizations for claimants, requesting information from relevant parties and accessing internet based healthcare coverage information sources including, but not limited to, mymedicare.gov.

---

[2] Governmental Payers means any federal, state or other governmental body, agency, department, plan, program, or entity that administers, funds, pays, contracts for, or provides medical items, services, and/or prescription drugs. These include, but are not limited to, the Centers for Medicare and Medicaid Services ("CMS"), the Medicare Secondary Payer Department, the Medicaid programs of each state and territory and of the District of Columbia (each a "Medicaid Agency"), Veteran's Administration, TRICARE, and Indian Health Services.

3. This Order shall apply to the use of all information related to claimants represented by Counsel that the LRA creates, provides to, or receives from Payers that is or may be protected under HIPAA and its amendments,[3] or other applicable federal or state law, including all Protected Health Information, as defined in 45 C.F.R. §160.103.[4] The LRA is specifically authorized to provide to and receive from CMS, individual Medicaid Agencies, and all other entities defined as Payers herein, lists of claimants and related information, in lieu of providing copies of individual HIPAA authorizations and information on a claimant-by-claimant basis.

The court DIRECTS the Clerk to file a copy of this order in 2:12-md-02325 and it shall apply to each member related case previously transferred to, removed to, or filed in this district, which includes counsel in all member cases up to and including civil action number 2:15-cv-02230. In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review and abide by all pretrial

---

[3] HIPAA shall mean the administrative simplification provisions of the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) and the implementing regulations issued thereunder, 45 C.F.R. Parts 160, 162, and 164, and shall incorporate by reference the provisions of the Health Information Technology for Economic and Clinical Health Act (Title XIII of Division A and Title IV of Division B of the American Recovery and Reinvestment Act of 2009, Pub. L. No. 111-5 (2009)).

[4] This includes demographic information that could be used to identify Medicare-eligible and/or Medicaid-enrolled claimants, information related to claimants' eligibility for and entitlement to benefits under the Medicare Program and Medicaid Program and information related to health care services rendered, including the payment of such services.

orders previously entered by the court. The orders may be accessed through the CM/ECF system or the court's website at www.wvsd.uscourts.gov.

                ENTER: February 26, 2015

                _____
                JOSEPH R. GOODWIN
                UNITED STATES DISTRICT JUDGE