IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: AMERICAN MEDICAL SYSTEMS, INC.
PELVIC REPAIR SYSTEMS
PRODUCT LIABILITY LITIGATION          MDL No. 2325

----------------------------------------------------------------

THIS DOCUMENT RELATES TO ALL CASES

PRETRIAL ORDER # 226
(Motion to Quash Non-party Subpoenas, or in the Alternative
for Protective Order)

Pending is the Motion to Quash or for Protective Order filed by non-parties, W. Blake Barber ("Barber"), Surgical Assistance ("SA"), and Medical Funding Consultants, LLC ("MFC") (collectively, "the non-parties"). (ECF No. 2911). The issues were briefed, and were subsequently argued at a hearing before the court on October 3, 2016. The parties were given an opportunity to supplement their briefs, but neither party did so. Accordingly, the motion is ready for disposition. For the reasons that follow, the court **DENIES** the motion to quash and for protective order.

The undersigned has previously provided background information regarding the non-parties' involvement in third-party funding of mesh revision and removal surgeries, (*See* ECF No. 3256), and, therefore, will not repeat the relevant history here. In June 2016, Defendant American Medical Systems, Inc. ("AMS") took the deposition of Barber in his individual capacity, and as records custodian for SA. During the deposition, Barber asserted his Fifth Amendment right against self-incrimination in response to every question that was asked about loan transactions related to third-party funding.

1

Accordingly, after the deposition had concluded, AMS served SA and MFC with subpoenas and notices to take corporate depositions pursuant to Federal Rule of Civil Procedure 30(b)(6). The non-parties filed the instant motion to quash, or in the alternative for protective order, seeking an order prohibiting the depositions or limiting the scope of the testimony. The non-parties argue (1) that AMS is improperly trying to take a second deposition of Barber in violation of the deposition protocol in effect in this multidistrict litigation, and (2) that forcing Barber to appear at another deposition would be futile, as he will again assert his Fifth Amendment right against self-incrimination.

The non-parties' first argument is entirely without merit. Barber previously testified in his individual capacity and as a records custodian, not as the Rule 30(b)(6) designee of the corporations. A Rule 30(b)(6) designee speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the business entity. On the other hand, when the same deponent testifies in his individual capacity, he provides only his personal knowledge, perceptions, and opinions. *United States v. Taylor,* 166 F.R.D. 356, 361 (M.D.N.C. 1996); *see, also, In re Motor Fuel Temperature Sales Practices Litig.,* 2009 WL 5064441, at \*2 (D. Kan. Dec. 16, 2009) ("[C]ourts have consistently held that the fact that a company's employee was deposed under Rule 30(b)(1) does not insulate the company from producing the same—or another—individual as a corporate representative to give a Rule 30(b)(6) deposition."); *LendingTree, Inc. v. LowerMyBills, Inc.,* No. 3:05CV153-C, 2006 WL 2443685, at \*2 (W.D.N.C. Aug.22, 2006) (Prior deposition testimony by a witness in his or her individual capacity does not preclude an Rule 30(b)(6) deposition of the same witness); *and Foster–Miller, Inc. v. Babcock & Wilcox Canada,* 210 F.3d 1, 17 (1st Cir.2000) (same). Consequently, if Barber agrees to act as the corporate designee of SA and MFC, he is providing the corporations' first

deposition testimony, not his second.

With respect to the futility argument, the court is not persuaded. Until the depositions are taken, their futility is speculative. In view of recent discovery, AMS may want to alter or add to the topics of inquiry originally designated, and SA and MFC are required under Rules 30 and 45 to have corporate representatives that are prepared to respond. Barber contends that he is the only corporate officer or employee knowledgeable about the loan transactions arranged by the corporations; however, AMS is entitled to discover the accuracy of that representation. Moreover, if SA and MFC fail to provide a corporate designee able to answer the questions, that failure may result in consequences. Therefore, the motion to quash is denied, and the depositions may proceed.

Similarly, the motion for protective order is denied. Corporations do not have a Fifth Amendment right against self-incrimination. *See, e.g., Braswell v. United States*, 487 U.S. 99, 108 S.Ct. 2284, 101 L.Ed.2d 98 (1988). While this court cannot compel a corporate officer or employee to waive his Fifth Amendment right in order to provide answers for a corporate deposition, *see City of Chicago v. Reliable Truck Parts Co.,* 768 F.Supp. 642, 646 (N.D.Ill.1991), the corporation "can be compelled to answer the questions through an agent who will not invoke the privilege." *Bank of Am., N.A. v. First Mut. Bancorp of Ill.,* No. 09 C 5108, 09 C 5109, 2010 WL 2364916, at *4 (N.D. Ill. June 14, 2010); *and Chicago Title Ins. Co. v. Sinikovic*, 125 F. Supp. 3d 769, 776–77 (N.D. Ill. 2015). Barber was not the only officer or employee of SA and MFC. Accordingly, each of the other officers and employees has some information independent of Barber. In addition, it is likely that some of the questions posed by AMS will not require Barber to waive his Fifth Amendment right to self-incrimination, because the information is available from other sources. For example, the amount of the commissions earned by the

corporations in arranging pelvic mesh transactions should be retrievable from the entities or individuals that paid the commissions, or should be gleaned from the corporations' financial records and bank statements. Thus, while preparation for the Rule 30(b)(6) depositions may be more burdensome without access to Barber's knowledge, SA and MFC should be able to collect much of the information sought by AMS.

The court **DIRECTS** the Clerk to file a copy of this order in 2:12-md-2325 and it shall apply to each member related case previously transferred to, removed to, or filed in this district, which includes counsel in all member cases up to and including civil action number 2:16-cv-10634. In cases subsequently filed in this district, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this court, a copy of the most recent pretrial order will be provided by the Clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the parties to review and abide by all pretrial orders previously entered by the court. The orders may be accessed through the CM/ECF system or the court's website at http://www.wvsd.uscourts.gov.

**ENTERED:** November 14, 2016

_____
Cheryl A. Eifert
United States Magistrate Judge